IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

GOVINDASWAMY NAGARAJAN )
)
v. ) NO. 3:16-0495
)
SAMUEL HARGROVE, et al. )

TO: Honorable Kevin S. Sharp, Chief District Judge

### R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered Mach 20, 2016 (Docket Entry No. 4), this *pro se* action was referred to the Magistrate Judge for pretrial proceedings under 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure.

Presently pending is Defendants' motion to dismiss (Docket Entry No. 15), to which Plaintiff has responded in opposition. *See* Docket Entry Nos. 15 and 21. For the reasons set out below, the undersigned Magistrate Judge respectfully recommends that Defendants' motion be GRANTED.

### I. BACKGROUND

Govindaswamy Nagarajan ("Plaintiff") was born in India and became an American citizen in 1977 after immigrating to the United States. He is a college professor with multiple advanced degrees in the study of physics and taught at several colleges and universities before accepting a tenure-track teaching position at Tennessee State University ("TSU") in 1980. After being denied promotion and tenure and after being terminated from employment at TSU, Plaintiff filed a federal lawsuit in 1990 alleging employment discrimination by TSU. *See Nagarajan v. Floyd, et al.*, 3:90-

0055. Plaintiff succeeded at trial, and he was awarded damages and reinstated at TSU as a full non-tenured professor.[1] Plaintiff states that he was subsequently granted tenure.

On March 7, 2016, Plaintiff filed this *pro se* lawsuit against TSU and seven TSU professors and administrators: Samuel Hargrove ("Hargrove"), Lonnie Sharpe ("Sharpe"), Sandra Scheick ("Scheick"), Jeanetta Jackson ("Jackson"), Linda Woodruff ("Woodruff"), Mark Hardy ("Hardy"), and Glenda Glover ("Glover"). Plaintiff's pleadings consist of a form complaint brought under Title VII of the Civil rights Act of 1964, 42 U.S.C. § 2000e-5 *et seq*. ("Title VII"), in which he alleges, 1) ongoing discrimination on account of race, color, and national origin that began on or about March 4, 2014, and, 2) retaliation against him for his prior protected activity. *See* Docket Entry No. 1 at 1-4. In the section of the form complaint devoted to his request for relief, Plaintiff seeks $50,000,000.00 in punitive damages as his requested relief. *Id*. at 4.

Although Plaintiff does not include any supporting factual allegations in the form complaint, he attaches a typed "complaint for declaratory judgment, and damages," in which he sets out 24 pages of allegations. *See* Docket Entry No. 1 at 5-28.[2] In his typed complaint, Plaintiff alleges discrimination against him on the basis of age, race, and nationality, as well as violations of "protected rights under due process of law, bad faith breaches of contracts, breaches of duty, character assassinations and defamation, and tortious infliction of emotional distress." *Id*. at ¶ 17. As the basis for the Court's jurisdiction, he refers to "civil rights statutes" and various Tennessee statutory and constitutional provisions. *Id*. at ¶ 16. Plaintiff's typed complaint contains several complaints by Plaintiff about various aspects of the TSU administration. Although it is somewhat difficult to cull from these overall complaints the specific events at issue in this lawsuit, it appears that Plaintiff's lawsuit revolves around three events: 1) the cancellation of his teaching assignments in the Spring of 2015, *id*. at ¶ 23; 2) being required to teach mathematics in the Fall of 2015, *id*. at

---

[1] *See Nagarajan v. Tennessee State University*, 187 F.3d 637, 1999 WL 551360 (6th Cir. July 19, 1999) (unpublished table decision).

[2] Plaintiff also attaches to his complaint 107 pages of exhibits. *See* Docket Entry No. 1-1.

¶ 24; and 3) disputes and controversies involving grade appeals of three students, whom Plaintiff alleges were forced to "make troubles with" Plaintiff. *Id*. at ¶¶ 42-45. As in the form complaint, the only specific request for relief contained in the typed complaint is a request for $50,000,000.00 in punitive damages. *Id*. at 28.

In lieu of an answer, Defendants have filed the pending motion to dismiss the action under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendants argue that Plaintiff fails to state a claim for relief by his request for punitive damages under Title VII because the individual defendants cannot be sued under Title VII and because Defendant TSU, as an agency of the State, is statutorily protected from punitive damages claims under Title VII. *See* Memorandum in Support (Docket Entry No. 16) at 2-4.

In response to the motion to dismiss, Plaintiff contends that the doctrine of sovereign immunity does not apply in a situation in which he sues his supervisors, that Defendants have committed many discriminatory and criminal offenses, and that Rule 12(b)(6) has become "mute and redundant." *See* Docket Entry No. 18. He further argues that the State of Tennessee should not defend the individual Defendants in this lawsuit because they are, like him, TSU employees. *See* Docket Entry No. 21.[3]

## II. STANDARD OF REVIEW

A motion to dismiss filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure is reviewed under the standard that the Court must accept as true all of the allegations contained in the complaint, resolve all doubts in Plaintiff's favor, and construe the complaint liberally in favor of the *pro se* Plaintiff. *See Kottmyer v. Maas*, 436 F.3d 684 (6th Cir. 2006); *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999); *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11-12 (6th Cir. 1987). Although the complaint need not contain detailed factual allegations, Plaintiff must provide the

---

[3] Plaintiff attaches to his second response copies of filings made in what appears to be a parallel state court action. *See* Docket Entry Nos. 21-1 to 21-5. The purpose of providing these copies to the Court is unclear.

grounds for his entitlement to relief and this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). Plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

### III. CONCLUSIONS

The only federal claims specifically raised by Plaintiff in his pleading are employment discrimination and retaliation claims brought under Title VII, which is referenced on the first page of his form complaint. The jurisdictional section of Plaintiff's typed complaint refers solely to Tennessee statutory and constitutional provisions. *See* Docket Entry No. 1 at 13, ¶ 16. Although the Court is required to view Plaintiff's *pro se* pleadings with some measure of liberality, the Court must nonetheless give meaning to the actual pleading filed by Plaintiff and not engage in conjecture regarding his pleading.[4]

Plaintiff's complaint warrants dismissal because punitive damages is not a viable remedy for claims brought under Title VII. Although several individual Defendants are sued, Title VII does not provide for a cause of action against individuals who do not independently qualify as an "employer" under Title VII. *Akers v. Alvey*, 338 F.3d 491, 500 (6th Cir. 2003); *Little v. BP Exploration & Oil Co.*, 265 F.3d 357, 362 (6th Cir. 2001); *DeSoto v. Bd. of Parks & Recreation*, 64 Fed.Supp. 3d 1070, 1084 (M.D. Tenn. 2014) (Trauger, J.).[5] The fact that an individual may hold a supervisory position does not render the individual liable under Title VII. *Akers*, *supra*. Accordingly, any Title VII claims against the individual Defendants are not viable and warrant dismissal.

---

[4] The Court notes the instant action is not Plaintiff's first involvement in litigation, but is the fifth *pro se* lawsuit he has filed in this Court.

[5] Similarly, individuals cannot be sued under the Age Discrimination in Employment Act. *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 404 n. 6 (6th Cir. 1997).

4

Furthermore, although punitive damages is a remedy that a plaintiff is generally allowed to pursue under Title VII, these damages are specifically precluded from being assessed against a state or its agencies. 42 U.S.C. § 1981a(b)(1) provides that "a complaining party may recover punitive damages under this section against a respondent (other than a government, government agency or political subdivision) . . . ." *See also Oden v. Oktibbeha Cty., Miss.*, 246 F.3d 458, 466 (5th Cir. 2001); *Galloway v. Univ. of Tennessee*, No. 3:06-00461, 2007 WL 2263103, **4-5 (E.D. Tenn. Aug. 2, 2007). Because Plaintiff seeks a remedy under Title VII that is not a viable remedy against Defendant TSU, his Title VII claims warrant dismissal.

In his responses to the motion to dismiss, Plaintiff does not directly address the valid argument raised by Defendants regarding the fatal deficiency of his pleading. The bulk of his response is directed at the factual merits of his allegations, which are not at issue in review of the motion to dismiss. Plaintiff's objection to the representation of the individual Defendants by the State of Tennessee through the Tennessee State Attorney General and Reporter is meritless. Tenn. Code. Ann. §§ 8-42-103 and 8-42-108 grants to the Attorney General the unreviewable discretion to provide legal representation to state employees who are sued in civil actions for damages. In the end, the legal arguments Plaintiff raises are legally groundless and do not provide a valid rebuttal requiring the denial of Defendants' motion to dismiss.

## RECOMMENDATION

Based on the foregoing, the undersigned Magistrate Judge respectfully RECOMMENDS that Defendants' Motion to Dismiss (Docket Entry No. 15) be GRANTED and that this action be DISMISSED.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a

waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                      Respectfully submitted,

                                      BARBARA D. HOLMES
                                      United States Magistrate Judge