UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

GOVINDASWAMY NAGARAJAN,

    Plaintiff,

Case No. 3:16-cv-00495
Hon. Denise Page Hood

v.

SAMUEL HARGROVE, et al.,

    Defendants.

_____/

**ORDER ADOPTING IN PART REPORT AND RECOMMENDATION, GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS [#15] AND GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT [#26]**

On January 30, 2017, Magistrate Judge Barbara D. Holmes entered a Report and Recommendation regarding Defendants' Motion to Dismiss. At the time the Report and Recommendation was issued, Plaintiff was a *pro se* litigant. Shortly afterward, Plaintiff retained an attorney, and his attorney filed objections to the Report and Recommendation, to which Defendants filed a response, and Plaintiff filed a reply. Plaintiff's attorney also filed a Motion for Leave to File an Amended Complaint shortly after the Report and Recommendation was issued. Defendants filed a response to Plaintiff's Motion for Leave to File an Amended Complaint.

**A.**    **Defendants' Motion to Dismiss**

The Court has had an opportunity to review the Magistrate Judge's Report and

Recommendation and the parties' filings regarding the Report and Recommendation. The Court finds that the Magistrate Judge reached the correct conclusions for the proper reasons with respect to: (1) determining that the individual Defendants cannot be sued under Title VII and the Age Discrimination in Employement Act ("ADEA") (unless he or she qualifies independently as an "employer," which is indisputably not the case with respect to the individual Defendants); and (2) concluding that Title VII punitive damages cannot be awarded against a state or its agencies. Finding no error in the Magistrate Judge's Report and Recommendation regarding those two conclusions, the Court adopts the Report and Recommendation insofar as it recommends dismissal of Plaintiff's Title VII claims against the individual Defendants and his claim for Title VII punitive damages claims against Defendant Tennessee State University ("TSU"). Accordingly, Plaintiff's Title VII and ADEA claims against the individual Defendants are dismissed and Plaintiff is precluded from seeking Title VII punitive damages against Defendant TSU.

The Court concludes that Plaintiff's cause of action should not be dismissed in its entirety. As the Magistrate Judge and Defendants noted, Plaintiff commenced this action *pro se* (the fifth *pro se* lawsuit Plaintiff has filed in the Middle District of Tennessee). Although it is not Plaintiff's first *pro se* case, the Court still must view his *pro se* pleadings with some measure of liberality. It is true that Plaintiff's request

for relief in both his handwritten form complaint and in the 24-page typed filing attached to his form complaint only specifies $50,000,000 in punitive damages. But, it is also true that: (1) Plaintiff's typed complaint is titled "Complaint for Declaratory Judgment, and Damages;" [Dkt. No. 1, PgID 5] and (2) the first paragraph of his typed complaint asks that the Court "issue a declaratory judgment, compensatory, and punitive damages" and states that he has suffered from "irrepable mental anguish and humiliation" because of Defendants "intentionally inflicted upon him high emotional stress." [Dkt. No. 1, PgID 5-6] The Court concludes that, for purposes of Plaintiff's *pro se* pleadings in this matter, Plaintiff adequately put Defendant on notice that Plaintiff was seeking declaratory relief and damages, in addition to the punitive damages expressly mentioned in the requested relief section. Plaintiff is not barred from seeking declaratory relief and compensatory damages in relation to his allegations. Accordingly, the Court holds that Defendants' Motion to Dismiss must be denied with respect to Plaintiff's Title VII and ADEA claims against TSU, to the extent that Plaintiff seeks declaratory relief and compensatory damages.

**B.     Plaintiff's Motion for Leave to File Amended Complaint**

Plaintiff filed his cause of action on March 7, 2016. As noted above, the Magistrate Judge issued the Report and Recommendation regarding Defendants' Motion to Dismiss on January 30, 2017. About that time, Plaintiff contacted James

G. Stranch, III ("Plaintiff's retained counsel") to provide legal representation, and Plaintiff's retained counsel filed objections to the Report and Recommendation and a reply to Defendants' response to Plaintiff's objections. Within weeks of meeting with Plaintiff, Plaintiff's retained counsel also filed the Motion for Leave to File Amended Complaint. Plaintiff's retained counsel sought 30 days to file an amended complaint to amend the Plaintiff's "poorly drafted" complaint. Plaintiff's retained counsel did not attach a proposed amended complaint, but he represents that it is anticipated that the "amended complaint will have far fewer defendants and will seek a different remedy. It will still allege discrimination based on race, national origin, and age. It will still allege retaliation." Dkt. No. 26, PgID 412.

Defendants argue that leave to amend the complaint should be denied. Defendants assert that the case was a year old at the time the Motion for Leave to File Amended Complaint was filed, that Plaintiff offered no explanation for the delay in obtaining counsel, and that it is not even clear that Plaintiff's retained counsel believes there is a viable cause of action because he needs to research and investigate the 6 to 8 inches of documents Plaintiff provided Plaintiff's retained counsel before filing an amended complaint.

The Court concludes that Plaintiff's Motion for Leave to File Amended Complaint should be granted. Plaintiff's *pro se* complaints contain sufficient

4

allegations to support Title VII and ADEA claims against TSU. Although the case is more than 18 months old, there have not been any prior amendments to the complaints, and the Court finds that there has not been any undue delay. Plaintiff's retained counsel contacted the Court and filed the Motion for Leave to File Amended Complaint promptly after meeting with Plaintiff. The Court concludes that Defendants will not be not unduly prejudiced, especially as the individual Defendants have been dismissed. For those reasons, and because leave to amend "should be freely given when justice so requires," F.R.Civ.P. 15(a), the Court grants Plaintiff's Motion for Leave to File Amended Complaint and orders that Plaintiff file his Amended Complaint on or before January 16, 2018.

**C.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED that Magistrate Judge Barbara D. Holmes' Report and Recommendation [Dkt. No. 22, filed January 30, 2017] is ADOPTED IN PART.

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss [Dkt. No. 15, filed March 17, 2017] is GRANTED IN PART and DENIED IN PART.

IT IS FURTHER ORDERED that Plaintiff claims for Title VII punitive damages are BARRED.

IT IS FURTHER ORDERED that Defendants Samuel Hargrove, Jeanetta

Jackson, Linda Woodruff, Mark Hardy, Glenda Glover, Lonnie Sharpe, and Sandra Scheick are DISMISSED from this cause of action.

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to File Amended Complaint [Dkt. No. 26] against TSU is GRANTED.

IT IS FURTHER ORDERED that, on or before February 12, 2018, Plaintiff shall file with the Court an Amended Complaint consistent with the representations made in his Motion for Leave to File Amended Complaint, specifically those at page 9 (*see* Dkt. No. 26, PgID 412) and in his objections to the Report and Recommendation (*see* Dkt. No. 29, PgID 427 at n.1).

IT IS ORDERED.

January 16, 2018

s/Denise Page Hood
DENISE PAGE HOOD
UNITED STATES DISTRICT JUDGE
SITTING BY SPECIAL DESIGNATION