IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

GOVINDASWAMY NAGARAJAN )
)
v. ) NO. 3:16-0495
)
TENNESSEE STATE UNIVERSITY )

TO: Honorable Denise Page Hood, District Judge

## REPORT AND RECOMMENDATION

By Order entered March 20, 2016 (Docket Entry No. 4), this *pro se* action was referred to the Magistrate Judge for pretrial proceedings under 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure.[1]

Presently pending is Defendant Tennessee State University's motion for partial dismissal (Docket Entry No. 36), to which Plaintiff has not responded. For the reasons set out below, the undersigned respectfully recommends that the motion be granted.

### I. BACKGROUND

Govindaswamy Nagarajan ("Plaintiff") is a professor at Tennessee State University ("TSU"). On March 7, 2016, he filed this lawsuit *pro se* against TSU and seven TSU professors and administrators. Plaintiff, who is 85 years old and of Indian descent, alleges workplace discrimination and retaliation claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-5 *et seq*. ("Title VII"), and the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq*. ("ADEA"). The Defendants responded to the *pro se* complaint by filing a motion to dismiss, arguing that the Plaintiff failed to state a claim for relief. S*ee* Docket Entry No. 15. After the Magistrate Judge recommended that the motion be granted, Plaintiff retained counsel and responded

---

[1] Although at the time of the referral, Plaintiff was proceeding *pro se*, as discussed below counsel has since entered an appearance on Plaintiff's behalf (Docket Entry No. 25).

to the Report and Recommendation (Docket Entry No. 22) by filing objections and moving for leave to file an amended complaint to cure deficiencies in his pleadings.

By Order entered January 16, 2018, the Court adopted in part and rejected in part the Report and Recommendation. *See* Docket Entry No. 34. The Court dismissed Plaintiff's Title VII and ADEA claims against the individual Defendants and Plaintiff's requests for punitive damages under Title VII, but the Court permitted Plaintiff's Title VII and ADEA claims for declaratory and compensatory damages against TSU to proceed. *Id*. at 2-3. The Court also granted Plaintiff leave to file an amended complaint to clarify the prior *pro se* complaint. *Id*. at 4-5.

Plaintiff thereafter filed his amended complaint (Docket Entry No. 35), in which he asserts claims that TSU acted to selectively discriminate against him because of his age, race, and national origin and to retaliate against him because of his prior protected actions of complaining about employment discrimination at TSU. *Id*. at ¶ 10. Plaintiff's amended complaint sets out eight pages of supporting factual allegations that relate primarily to enduring a hostile workplace, suffering adverse actions, being defamed, and being treated less favorably than similarly situated employees. Plaintiff alleges that the harassment, bullying, and retaliation he is suffering at TSU is ongoing. *Id*. at ¶¶ 31-32.

## II. MOTION FOR PARTIAL DISMISSAL

One of Defendant's responses to the amended complaint is the pending motion for partial dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[2] *See* Docket Entry No. 36. Defendant argues that, as an agency of the State of Tennessee, it is protected from being sued under the ADEA by the sovereign immunity the state enjoys under the Eleventh Amendment and that the ADEA claims must be dismissed from this lawsuit. Plaintiff has not responded to the motion in any manner, and the time for doing so has expired. *See* Local Rule 7.01(b).

---

[2] Defendant also filed a motion for a more definite statement in response to the amended complaint. *See* Docket Entry No. 38. By separate order, the undersigned has denied this motion.

## III. CONCLUSIONS

As the entity asserting Eleventh Amendment sovereign immunity, Defendant has the burden to show that it is entitled to the defense. *Lowe v. Hamilton Cty. Dep't of Job & Family Servs.*, 610 F.3d 321, 324 (6th Cir. 2010). Defendant's assertion of Eleventh Amendment sovereign immunity with respect to the ADEA claims is legally sound and supported. Plaintiff has not responded to Defendant's motion and its arguments for dismissal. Given the well-settled law on this issue, Defendant has met its burden and its motion to dismiss the ADEA claims should be granted.

The Eleventh Amendment prohibits nonconsenting states from being sued by private individuals in federal court. *See Board of Trustees of University of Alabama v. Garrett*, 531 U.S. 356, 363, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001). This protection from suit exists unless the United States Congress has validly abrogated the immunity or the state has waived its sovereign immunity and consented to suit. *See College Savings Bank v. Florida Prepaid Postsecondary Education Expense Board*, 527 U.S. 666, 670, 119 S.Ct. 2219, 144 L.Ed.2d 605 (1999). The protection of sovereign immunity applies to state agencies, *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984), and state educational institutions such as TSU are likewise entitled to the state's protection of sovereign immunity. *See Stefanovic v. University of Tennessee*, 935 F.Supp. 944, 946 (E.D. Tenn. 1996); *Boyd v. Tennessee State University*, 848 F.Supp. 111, 114-15 (M.D. Tenn. 1994); *Kompara v. Board of Regents of the State Univ.*, 548 F.Supp. 537, 542 (M.D. Tenn. 1982).

By statute, the State of Tennessee has expressly preserved its sovereign immunity. *See* Tenn. Code Ann. § 20-13-102. Further, there is no showing that the State of Tennessee has consented to being sued in federal court for claims brought under the ADEA. Finally, the United States Supreme Court has found that the ADEA does not validly abrogate the states' sovereign immunity from suits brought by private individuals under the ADEA. *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 91, 120 S.Ct. 631, 145 L.Ed.2d 522 (2000); *Latham v. Office of Atty. Gen. of State of Ohio*, 395 F.3d 261, 270 (6th Cir. 2005); *Coger v. Board of Regents of Tenn.*, 209 F.3d 485, 486 (6th Cir. 2000). The

*Kimel* holding strips this Court of jurisdiction to hear Plaintiff's ADEA suit against TSU. Accordingly, Plaintiff's ADEA claims must be dismissed. This applies to Plaintiff's claims for monetary damages, as well as his requests for equitable relief. *See Miller v. Tennessee Dep't of Human Servs.*, 2016 WL 3213641 at *3 (M.D.Tenn. June 10, 2016) (Campbell, J.); *Kentucky Mist Moonshine, Inc. v. Univ. of Kentucky*, 192 F.Supp.3d 772, 784 (E.D. Ky. 2016); *Henderson v. Southwest Tenn. Community College*, 282 F.Supp.2d 804, 807, n.2 (W.D.Tenn. 2003).

## RECOMMENDATION

Based on the foregoing, the Court respectfully RECOMMENDS that Defendant's motion for partial dismissal (Docket Entry No. 36) be GRANTED and that Plaintiff's claims under the ADEA be DISMISSED.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.03(b)(1). A failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any other party wishing to respond to the objections shall file a response within fourteen (14) days after being served with a copy of such objections. *See* Federal Rule 72(b)(2) and Local Rule 72.03(b)(2).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge