UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

GOVINDASWAMY NAGARAJAN,

    Plaintiff,

v.

SAMUEL HARGROVE, et al.,

    Defendants.
_____/

Case No. 3:16-cv-00495
Hon. Denise Page Hood

### ORDER ACCEPTING REPORT AND RECOMMENDATION [ECF No. 81], DENYING PLAINTIFF'S OBJECTION TO THE REPORT [ECF NO. 82] AND RECOMMENDATION, and GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [ECF No. 69]

Plaintiff, originally proceeding in pro per, filed this action on March 7, 2016 against Tennessee State University ("TSU") and a number of individuals associated with TSU. On January 30, 2017, Magistrate Judge Barbara D. Holmes issued a Report and Recommendation regarding a Motion to Dismiss filed by all the defendants. On February 10, 2017, attorney James Gerard Stranch III filed an appearance on Plaintiff's behalf and filed objections. The Court adopted that Report and Recommendation, granted the motion to dismiss with respect to all of the individual defendants but denied the motion to dismiss with respect to Plaintiff's Title VII and ADEA claims against TSU, to the extent that Plaintiff seeks declaratory

1

relief and compensatory damages. On May 1, 2018, Plaintiff's ADEA claims against TSU were dismissed. On October 16, 2018, attorney Matthew R. Zenner replaced Mr. Stranch as Plaintiff's legal counsel.

On May 10, 2019, TSU filed a motion for summary judgment, ECF No. 69, which has been fully briefed. On March 4, 2020, Magistrate Judge Holmes prepared a well-written and legally sound Report and Recommendation, recommending that the motion for summary judgment be granted in part and denied in part. ECF No. 81. In that Report and Recommendation, Magistrate Judge Holmes concluded that Plaintiff's race/national origin discrimination claims should be dismissed for failure to establish a *prima facie* case of discrimination; specifically, Plaintiff's inability to show that he was treated differently from similarly situated non-minority employees. Magistrate Judge Holmes found, however, that TSU did not establish the absence of any genuine issue of material fact with respect to the grade appeals process or Dr. Scheick's April 4, 2014 letter. Plaintiff filed a timely Objection to the March 4, 2020 Report and Recommendation. ECF No. 82. TSU filed a response. ECF No. 83.

The Court has had an opportunity to review this matter and finds that Magistrate Judge Holmes reached the correct conclusions for the proper reasons. In his timely filed Objection, Plaintiff asserts that Magistrate Judge Holmes incorrectly concluded that Plaintiff failed to establish a *prima facie* case of racial/national origin discrimination. Plaintiff contends that the Magistrate Judge erred when determining

that Plaintiff had not demonstrated that Plaintiff was "similarly situated in all of the relevant respects to an employee of a different race who was treated better." ECF No. 81, PgID 1669-71. Plaintiff argues that TSU failed to raise this issue in its summary judgment motion, such that Plaintiff did not fully brief and respond to the argument.

The Court addresses Plaintiff's last argument first. Although Defendant's argument that Plaintiff was treated differently than similarly situated individuals outside the protected class was conclusory, Plaintiff is mistaken. As Plaintiff acknowledges, TSU argued in its Memorandum in Support of Summary Judgment ("Memorandum") that:

> For purposes of his lawsuit, Plaintiff cannot offer evidence of other similarly situated employees of TSU because there are no other known TSU professors who collect a salary for doing nothing. Therefore, Plaintiff has not and cannot show that other similarly situated employees of TSU were treated better than he was in any regard.

ECF No. 70, PgID 664; ECF No. 82, PgID 1678. In the Memorandum, TSU also contended that "Plaintiff must show that the individuals to whom he wishes to compare herself are 'similarly situated in all respects.'" Citing *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 583 (6th Cir. 1992). And, in its Reply Brief, TSU stated: Plaintiff "has not shown that he was treated differently from a similarly situated person outside of the protected class. There are no other TSU professors who collect a salary while doing no actual work." ECF No. 77, PgID 1633. Because TSU did

3

address the "similarly situated" element of a discrimination claim, Plaintiff's suggestion that "the argument was never even raised by Defendant in its motion for summary judgment" is without support.

Plaintiff's assertion that he did not fully brief and respond to the "similarly situated" element because TSU did not address that element also lacks merit. In his Response Brief, Plaintiff repeatedly raised the substance of the arguments set forth in his Objection. *See* ECF No. 73, PgID 670, 679, 680, 681, 684, 685. Most poignantly, under the caption "Dr. Nagarajan has been treated differently than other similarly situated employees outside of his protected class," Plaintiff argued in his Response Brief that:

> The fourth element of Dr. Nagarajan'[s] prima facie case of national origin discrimination is that he was treated differently tha[n] similarly situated employees outside of his protected class. In *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 352 (6th Cir. 1998) the Sixth Circuit clarified that to satisfy the fourth element of the prima facie case, the comparable employee should be similar in "'all of the *relevant* aspects'". *Id.* quoting *Pierce v. Commonwealth Life Ins. Co.*, 40 F.3d 796, 802 (6th Cir. 1994). Dr. Nagarajan's national origin is India, and he is the only physics professor from India. TSU has not ignored its own grade appeal procedures for any physics professor except Dr. Nagarajan. No other physics professor has been placed on even one performance improvement plan, much less two like Dr. Nagarajan. No other physics professor has been stripped of his or her teaching assignments, and no other physics professor has been assigned exclusively to the tutorial lab. At a minimum a genuine issue of material fact exists as to whether Dr. Nagarajan has been treated differently than other similarly situated employees outside of his protected class. Therefore, summary judgment should be denied.

ECF No. 73, PgID 685 (emphasis in original).

4

Case 3:16-cv-00495   Document 89   Filed 05/19/20   Page 4 of 6 PageID #: 1727

As to the insufficiency of the fourth element of Plaintiff's *prima facie* case of national origin discrimination, the Court rejects TSU's characterization of the class of "similarly situated persons." TSU's tact of labeling the class of similarly situated persons as, in essence, "TSU professors who collect a salary while doing no actual work" is: (a) unwarranted and inappropriate, generally; and (b) as it relates to Plaintiff specifically, is insulting, as TSU (not Plaintiff) determined that he is not permitted work while continuing to receive his salary. Instead, as Magistrate Judge Holmes correctly determined, an employee in the comparable class would be "an employee at TSU who has engaged in the same conduct of which Plaintiff is accused." ECF No. 81, PgID 1669 (citing *Hall v. State Farm Ins. Co.*, 18 F.Supp.2d 751, 767 (E.D. Mich. 1998) (citing *Mitchell*, 964 F.2d at 582-83) (noting a plaintiff seeking to establish a *prima facie* case of racial discrimination must "identify other similarly situated non-minority employees who engaged in misconduct of comparable seriousness")).

The Court finds that Plaintiff's Response Brief and Objection lack identification of any TSU employee engaged in similar misconduct or any evidence that any such TSU employee was treated any differently (better) than Plaintiff. It is not the role of the Court to ascertain or investigate whether there are any such employees and how they were treated, and Plaintiff has not shown a comparator. Plaintiff's failure is fatal to his case and summary judgment is appropriate on this

claim. *See, e.g., Cox v. EDS Corp.*, 751 F.Supp. 680, 692 (E.D. Mich. 1990); *Johnson-Romaker v. Kroger Ltd. P'ship One*, 609 F.Supp.2d 719, 730-31 (N.D. Ohio 2009). Accordingly, the Court denies Plaintiff's Objection.

Finding no error in the Magistrate Judge's Report and Recommendation, and for the reasons stated above, the Court adopts all of the Report and Recommendation.

Accordingly,

**IT IS ORDERED** that the Report and Recommendation [ECF No. 81, filed March 4, 2020] is **ADOPTED** as this Court's findings of fact and conclusions of law for all purposes.

**IT IS FURTHER ORDERED** that Plaintiff's Objection [ECF No. 82, filed March 16, 2020] is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment [ECF No. 69, filed May 10, 2019] is **GRANTED IN PART and DENIED IN PART.**

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment is **GRANTED** as to Plaintiff's Title VII national origin discrimination claim and **DENIED** as to Plaintiff's Title VII retaliation claim.

IT IS ORDERED.

DATED: May 18, 2020

s/Denise Page Hood
DENISE PAGE HOOD
UNITED STATES DISTRICT JUDGE
SITTING BY SPECIAL DESIGNATION